IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RUSSELL CORBETT,

          Petitioner,          Civil No. 09-269-AA

          v.                 ORDER

BRIAN BELLEQUE,

          Respondent.

AIKEN, District Judge.

     Petitioner is in the custody of the Oregon Department of
Corrections pursuant to the Amended Judgment, dated November
24, 2004, from Lane County Circuit Court Case No. 20-04005457,
after convictions for one Count of Burglary in the First
Degree and six counts of Coercion.  Respondent's Exhibit 101.
Following a jury trial, the trial court sentenced petitioner
to 72 months of imprisonment on the Burglary conviction and to
30 months of imprisonment on each of the Coercion convictions.
The court ordered the sentences on the Coercion convictions to

1 - ORDER

be served consecutively to each other.  Id.

Petitioner directly appealed his convictions, but subsequently filed a motion to dismiss the appeal, which the Court of Appeals granted. The order of dismissal and appellate judgment issued on October 27, 2005.  Respondent's Exhibit 102.

Petitioner filed a petition for post-conviction relief, Respondent's Exhibit 103, on January 20, 2006, but subsequently moved to dismiss the petition.  The Judgment of Dismiss was entered on August 28, 2006.  Respondent's Exhibit 104.

Petitioner signed a petition for post-conviction relief in a new and separate proceeding, Respondent's Exhibit 105, on April 19, 2007, but the court denied relief. Respondent's Exhibit 106.  The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review.  The appellate judgment issued on December 11, 2008.  Respondent's Exhibit 107.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging four claims of ineffective assistance of counsel. Petition (#2). Respondent move to deny relief on the grounds that petitioner did not file his habeas petition within the time allowed by 28 U.S.C. § 2244. Response to Habeas Corpus Petition (#10).

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date a direct appeal is final to file a habeas corpus

petition. Time elapsed after finality and before collateral filings, and time after final collateral disposition and before federal filing counts against the year. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-1007 (9th Cir. 1999).

The judgment of convictions challenged in this proceeding was final on October 27, 2005. Although petitioner filed an appeal but abandoned the appeal before it reached the merits. Thus, he is not entitled to the 90 days that habeas petitioners have under the holding in <u>Bowen v Roe</u>, 188 F.3d 1157 (9th Cir. 1999), to seek *certioari* in the United States Supreme Court when they have properly presented federal claims to the state's highest court. Thus, petitioner had one year from October 27, 2005, excluding any time during which a state post-conviction case, or other collateral remedy, was pending, to file a federal habeas corpus petition.

Between October 27, 2005, the date petitioner's convictions became final, and January 20, 2006, the date on which petitioner signed the original post-conviction relief (PCR) petition, 85 days accrued. Between August 28, 2006, the date on which the judgment dismissing the original PCR petition issued, and April 19, 2007, the date on which petitioner signed the petition in the second PCR proceeding, 234 days accrued. Between December 11, 2008, the date on which the appellate judgment issued in the second PCR proceeding, and March 5, 2009, the date on which petitioner signed his federal habeas petition, 84 days accrued. In sum,

403 days elapsed between the final judgment of conviction and the filing of his federal habeas petition, exceeding the 365 days allowed by statute.

Petitioner argues that under Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005), *modified* 447 F.3d 1165 (2006), the Oregon two year limitations period for filing state post-conviction proceedings tolls the AEDPA one year filing period. Thus petitioner argues his federal petition was timely filed because the one year statute of limitations continued to be tolled during the 234 days between the date the order of dismissal was entered on his first PCR proceeding and when he filed the petition in the second PCR proceeding.

Petitioner also argues that he is "otherwise ... entitled to equitable tolling due to Respondent's machine in that petitioner's access to the courts ... were infringed in violation of Petitioner's First Amendment rights. (sic) Petitioner's Brief in Support of Petition (#16) p. 2. Petitioner's claim in this regard is based on the alleged unavailability of "AEDPA information" and an "almost complete deprivation of prison law library access." Id.

Petitioner's reliance on Gaston is misplaced. The analysis in Gaston concerned California's "unusual" system of post-conviction collateral relief, Gaston, 417 F.3d 1030 at 1036, and is distinguishable from the circumstances of petitioner's state collateral proceedings. Moreover, ultimately, the Ninth Circuit determined that the petitioner

was not entitled to "gap tolling" and affirmed the district Court's denial of Gaston's federal petition as untimely filed.

While the statute of limitations is tolled between the time a PCR petition is filed and the final disposition of the case, the statute is not tolled between different applications. Thus, when a petitioner voluntarily dismisses a post-conviction case, there is no case pending to toll the statute of limitations until a new case is timely re-filed, Stafford v. Thompson, 328 F.3d 1302 (11th Cir. 2003).

In this case, petitioner voluntarily dismissed his first PCR petition, and the court filed a judgment of dismissal on August 28, 2006. When petitioner filed a new PCR petition 234 days later on January 20, 2006, it was a new proceeding with a different case number. Petitioner had no state case pending during the 234 day interval, and the statute of limitations was not tolled.

The Ninth Circuit has stated that equitable tolling is available only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition in time." Roy v. Lampert, 465 F.3d 964, 950 (2006) (quotations and citations omitted). In order to establish entitlement to the equitable tolling of a limitations period, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005).[1]

Furthermore, the petitioner must establish that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Gaston v. Palmer, 387 F.3d 1004, 1008 (9th Cir. 2004) [the extraordinary circumstances said to justify the equitable tolling must be the "but-for and proximate cause of the untimeliness"]; see also, Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001).

Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is invoked only sparingly, and does not toll a statute for "a garden variety claim of excusable neglect." Pace v. DiGuglielmo, supra at 418; see also, Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (for equitable tolling to be appropriate, external forces, rather than lack of diligence is needed). An inmate's ignorance of the law and lack of legal sophistication does not warrant equitable tolling. Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006).

In Shannon v. Newland, 410 F.3d 1083, 1089-1090 (9th Cir. 2005) the court noted: "Each of the cases in which equitable

---

[1] In Pace, the Supreme Court "assumed" the availability of equitable tolling under § 2254, noting "(w)e have not decided whether §2254(d) allows for equitable tolling." 127 S.Ct. at 1085; and n. 3. See also, Lawrence v. Florida, __U.S.__, 127 S.Ct. 1079, 1085 (2007)(specifically noting that it had not decided whether equitable tolling applies to untimely habeas petitions).

tolling has been applied have involved *wrongful* conduct, either by state officials or, occasionally, by the petitioner's counsel." <u>See</u> <u>also</u>, <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1202 (9th Cir. 2003).

Petitioner alleges that he is entitled to equitable tolling because he was in Intensive Management from April 6, 2008, to March 30, 2009, and had limited law library access during that time. Brief in Support (#16) p. 2. Petitioner submits the affidavit from a fellow inmate stating that inmates in Intensive Management may request legal materials from the general population library and may consult legal assistants via telephone for 10 minutes once a week. <u>Id</u>., Exhibit B, p. 1-2. Petitioner does not allege that he made use of either of these methods to access ADEPA or other legal materials, or otherwise demonstrated that residing in the Intensive Management United prevented him from accessing legal materials necessary to file his federal habeas petition. Thus petitioner has failed to establish he diligently pursued his legal remedies and that extraordinary circumstances prevented him from filing his federal petition on time.

I find that petitioner's petition was not filed within the one year limitations period of §2244(d) as interpreted by the relevant case law and that petitioner has failed to establish entitlement to equitable tolling of the limitations period.

Assuming *arguendo* that petitioner's petition was timely filed, I find that petitioner procedurally defaulted all of his claims except Ground Four and that the state court decision denying relief on Ground Four is entitled to deference under 28 U.S.C. § 2254(d)(1) and is correct on the merits.

Under 28 U.S.C. § 2254(b)(1), a state prisoner must exhaust available state remedies before seeking a federal writ of habeas corpus, "thereby giving the state the opportunity to pass upon and correct the alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364 (1995)) (internal quotations omitted). The exhaustion requirement is satisfied if the petitioners "fairly present" their federal claims to each appropriate state court, thereby alerting the court to the federal nature of the claim. Id; Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).

A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insxiengmy v. Morgan, 403 F.3d 657. 668 (9th Cir. 2005)(internal citations omitted).

If a petitioner may present his federal claim to a state's Supreme Court, he must do so to "properly exhaust" it. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "In a state like Oregon, where review in the highest court is

discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly." Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. t 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure to present the constitutional issue in the state courts. Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Cockett v. Ray, 333 F.3d 938,

943 (9th Cir. 2003).

        In grounds one, two and three, petitioner alleges that
his trial counsel was ineffective when he failed to
investigate, failed to advise him regarding his pleas, and
failed to explain the elements of each crime and the maximum
possible sentence.  Petitioner raised these claims in his
initial petition, Respondent's Exhibit 103, and formal
petition for PCR, Respondent's Exhibit 112, those petitions
were voluntarily dismissed at petitioner's request.
Respondent's Exhibit 104.  In his subsequent formal petition,
petitioner raised only claims concerning his counsel's failure
to object to consecutive sentences.  Respondent's Exhibit 119.
Moreover, petitioner did not raise the claims of ineffective
assistance of counsel he now raises in grounds one, two and
three to the Oregon Court of Appeals (Respondent's Exhibit
123) or to the Oregon Supreme Court (Respondent's Exhibit
127).  Thus, these ineffective assistance of counsel claims
were not fairly presented to Oregon's highest court. See,
Carrier v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (*en
banc*) (noting that ineffective assistance of counsel claims
are discrete and that each must be properly exhausted or it
will be defaulted), and are procedurally defaulted.

        Petitioner has not established cause for the procedural
default and actual prejudice, or demonstrated that the failure
to consider the claims will result in a miscarriage of
justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v.

10 - ORDER

Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

In Ground Four, petitioner alleges that his trial counsel was ineffective for failing to object to the imposition of consecutive sentences. Respondent concedes that "[T]o the extent petitioner is alleging that counsel failed to object on the basis that the imposition of consecutive sentences based on judge-made rather than jury-made finding violated his Sixth Amendment rights, petitioner's claim was exhausted." Reply to Petitioner's Brief (#23) p. 9. Petitioner raised an *Apprendi/Blakely* claim in his PRC petition, Respondent's Exhibit 119 at 4, in his appellate brief, Respondent's Exhibit 123, and in his petition for review, Respondent's Exhibit 127.

However, in his brief in support, petitioner argues a different claim. Petitioner argues that trial counsel was ineffective for not objecting to the trial court's failure to make any findings in support of the consecutive sentences. Brief in Support (#16) p. 4-6. Petitioner raised that claim to the PCR trial court, Respondent's Exhibit 119 at 4, but he did not raise it to the Oregon Court of Appeals or the Oregon Supreme Court. Accordingly, petitioner did not fairly present that claim to the Oregon Supreme Court, and can no longer do so. Therefore, for the reasons discussed above, petitioner's Ground Four is procedurally defaulted.

Petitioner has not established cause and prejudice for his procedural default or entitlement to the "fundamental miscarriage of justice" exception to the exhaustion

requirement.

Assuming petitioner intends to raise a *Blakely* claim in Ground Four, I find that it was correctly denied on the merits in a state-court decision that is entitled to deference and supported by the record.

Petitioner's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Woodford v. Garceau, 538 U.S. 202, 210 (2003). Under AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.  Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness.  Strickland, supra at 688.  The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome."  Id.

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the

13 - ORDER

facts of his case in an objectively unreasonable manner."
Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

In this case, the PCR trial court denied relief on petitioner's ineffective assistance of counsel claims. The PCR court decision is entitled to deference under § 2254(d)(1) because it is not contrary to or an unreasonable application of *Strickland*. The factual findings are entitled to deference under §2254(e)(1) because petitioner has not produced clear and convincing evidence to overcome them.

Petitioner's Ground Four as argued to the state appellate courts relied on the Oregon Supreme Court decision in *State v. Ice*, which held that under *Apprendi v. New Jersey* and *Blakely v. Washington*, fact finding in support of consecutive sentences must be made by the jury. State v. Ice, 343 Or. 1, 125 P.3d 1260 (2006). However, the United States Supreme Court overruled *State v. Ice* and held that a defendant's Sixth Amendment rights are not implicated when consecutive sentences are imposed based on facts found by a judge rather than a jury. Oregon v. Ice, 129 S.Ct. 711, 719 (2009). Therefore, a *State v. Ice* based objection by trial counsel would have been without merit. "[Trial counsel cannot have been ineffective for failing to raise a meritless objection." Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005).

Petitioner's claim fails for the additional reason that he specifically waived his right to have a jury determine "aggravating sentencing factors," Respondent's Exhibit 109,

14 - ORDER

and because the indictment pled the coercion counts 2 - 7 as having separate victims. Respondent's Exhibit 108. Petitioner stipulated to the allegations in the indictment. Respondent's Exhibit 110 at 8. The state is free to seek sentence enhancements when the defendant either stipulates to the relevant facts or consents to judicial fact finding. Blakely v. Washington, 542 U.S. at 310.

Under ORS 137.123(5)(b), the existence of separate victims is sufficient to support consecutive sentences. Therefore, petitioner was not prejudiced by his counsel's failure to object to consecutive sentences because he stipulated that the Coercion convictions involved separate victims. Thus the outcome of his sentencing would not have been any different if trial counsel had successfully objected on the grounds alleged in Ground Four.

Petitioner's argument that his counsel was ineffective for not objecting to his sentence on the basis that the court did not make findings in support of it, Brief in Support (#16) p. 4-6, fails for the same reason. Petitioner stipulated to separate victims which forms a proper basis for consecutive sentences under ORS 137.13(5)(b).

Based on all of the foregoing, Petitioner's Petition (#2) is denied. This proceeding is dismissed.

IT IS SO ORDERED

////

15 - ORDER

## *Certificate of Appealability*

*The court certifies that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253 (c) (2).  This cause is not appropriate for appellate review.*

DATED this   11   day of February, 2010.


                      /s/ Ann Aiken
                Ann Aiken
                United States District Judge